IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Silk Dynasty, Inc., an Arizona ) <br> Corporation, ) <br> ) <br> Defendant. ) | CV 03-1879 PHX SMM <br><br> **CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Silk Dynasty, Inc., ("Silk Dynasty, Inc." or "the Company") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. §1981a. In the Complaint ("Complaint"), the Commission alleged that Silk Dynasty sexually harassed Cheryl Horne and other female employees. The Commission further alleged Silk Dynasty retaliated against Ms. Horne, including, but not limited to, escalating the sexual harassment of Ms. Horne after she complained about the harassment and making the working conditions so intolerable that Ms. Horne felt compelled to resign.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties agree that this action should be finally resolved by entry of this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims of the Commission against Defendant Silk Dynasty, Inc., including back pay, compensatory and punitive damages, interest, injunctive relief, attorney's fees and costs arising out of the issues in this lawsuit.

## INJUNCTION

2. Silk Dynasty, and its officers, agents, employees, successors, and assigns, both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from: (a) sexually harassing any employee; (b) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

3. Judgment is entered in favor of the Commission and against Silk Dynasty in the amount of $25,000.00.

4. Silk Dynasty shall pay the amount of $25,000.00 to Cheryl Horne. The payments represent settlement of compensatory damages. The compensation is to paid as follows:

    a.    Five thousand dollars ($5000.00) will be paid by September 30, 2004.

    b.    Commencing on October 30, 2004, one thousand dollars ($1000.00) per month for a period of 20 months or until the entire amount is paid.

    c.    In addition to the monthly payments, payments will be accelerated as follows:

        1.    At any time that Silk Dynasty receives an order for an amount greater than $100,000.00, it shall pay two percent of the gross amount of that sale, payable within thirty days of payment.

        2.    Silk Dynasty will provide a monthly sales report to the Commission at the address listed below.

5.    By January 31, 2005 and for each year until the full amount is paid, Silk Dynasty shall issue United States Internal Revenue Service Form 1099 to Ms. Horne for such payment.

6.    Silk Dynasty shall pay the settlement amount by checks for which sufficient funds exist.

7.    The checks provided for in this Decree shall be mailed directly by Silk Dynasty to Ms. Horne at the address supplied by the Commission and as designated by the Commission. Within three business days of the issuance of the check, Silk Dynasty shall submit a copy of the check and related correspondence to the United States Equal Employment Opportunity Commission, Regional Attorney, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

### OTHER RELIEF

8.    Silk Dynasty shall expunge from the personnel file of Ms. Horne all references to (1) the charge of discrimination filed against defendant Silk Dynasty

that formed the basis of this action, (2) the participation of Ms. Horne in this action, and (3) any derogatory document which relates to complaints or investigation of complaints of sexual harassment or this charge. The Company agrees to destroy any documents in the personnel file which reflect the reason for the termination of Ms. Horne. Silk Dynasty also agrees to remove any "not eligible for re-hire" notations from her personnel file.

9. Silk Dynasty and any successor shall implement and enforce policies and practices that help assure a work environment free from sexual harassment of its employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII. To assist Silk Dynasty in its efforts to assure a work environment free of sexual harassment and retaliation, Silk Dynasty shall take the actions provided in paragraphs 9-16 of this Decree.

### DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

10. At the time that this Decree becomes effective and for the duration of this Decree, Silk Dynasty shall post, in a prominent place frequented by its employees, the Notice attached as Attachment A. The Notice shall be the same type, style, and size as set forth in Attachment A to this Decree.

11. Silk Dynasty shall provide training on sexual harassment and retaliation, according to the following terms:

   A. Silk Dynasty shall retain and pay for consultants/lecturers who shall provide consultation and training to its employees for a period of three years from the date of this Decree. During each of the next three years, the consultants/lecturers shall conduct at least one live seminar training session each year. All Silk Dynasty's employees shall attend the seminar sessions. The registry of attendance shall be retained by Silk Dynasty for the duration of this Decree.

  B. Silk Dynasty may at its election use videotaped sessions to accommodate staffing needs. Silk Dynasty shall be responsible for any additional costs to provide such duplicative sessions.

  C. The seminar-training sessions shall be no less than one and a half hours, plus 15-30 minutes of questions and answers.

  D. The seminars shall include:

    1. That sexual harassment and retaliation in the hiring, firing, compensation, assignment or other terms, conditions or privileges of employment violates Title VII;

    2. How to prevent sexual harassment and retaliation;

    3. How to provide a work environment free from sexual harassment and retaliation;

    4. To whom and by what means employees may complain if they feel they have been subjected to sexual harassment or retaliation in the workplace;

    5. How complaints of sexual harassment or retaliation will be investigated;

    6. That employees who file complaints will not be retaliated against, even if the results are inconclusive; and

    7. Corrective action that will be taken against managers and non-managers who commit sexual harassment or retaliation, or allow such conduct to occur.

    8. The session shall also review and explain Silk Dynasty's policies set out in paragraph twelve of this Decree.

  E. During each training session, Silk Dynasty shall ensure that a

managerial representative will speak to the employees about the importance of maintaining an environment free of sexual harassment and retaliation; Silk Dynasty's policy in regard to sexual harassment and retaliation referred to in paragraph twelve of this Decree; and the discipline that can be taken against supervisors, managers and employees of Silk Dynasty who commit acts of sexual harassment or retaliation or allow sexual harassment or retaliation to occur in the workplace.

  F. Silk Dynasty will provide the Commission with a videotape of the training when the first session is completed.

  12. Silk Dynasty shall retain for the duration of this Consent Decree person(s) designated to receive and forward complaints of discrimination from its employees and to oversee all investigation of such complaints.

  13. Within thirty (30) days of the entry of this Decree, Silk Dynasty shall review and, if necessary, revise its written policy concerning sexual harassment and retaliation to conform with the law and submit the policy for review to the Regional Attorney of the Phoenix District Office of the EEOC. This written policy must include at a minimum:

  A. A strong and clear commitment to a workplace free of sexual harassment;

  B. A clear and complete definition of sexual harassment with relevant examples;

  C. A clear and strong encouragement of persons who believe they have been harassed to come forward;

  D. A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

  E. A promise of maximum feasible confidentiality for persons who

believe that they have been harassed;

  F. An assurance of non-retaliation for persons who believe they have been sexually harassed or witnesses;

  G. That sexual harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated;

  H. The identification of specific individuals to whom employees who believe that they have been sexually harassed can report the sexual harassment, including a written statement that the employee may report the harassment to designated persons outside of their chain of management. In the alternative, this information will be posted in a conspicuous place;

  I. Assurances that Silk Dynasty will investigate sexual harassment allegations promptly, fairly, thoroughly and impartially by appropriate investigators and that appropriate corrective action will be taken by Silk Dynasty to eradicate the sexual harassment.

  14. This policy shall be made available to each current employee within thirty (30) days of the entry of this Decree. The policy shall be distributed to all new employees of Silk Dynasty when hired.

  15. Silk Dynasty shall also maintain procedures for investigating complaints of harassment that comply with the written policy and that ensure that retaliation does not occur, even if the complaint cannot be corroborated or sustained.

  16. Silk Dynasty shall promptly and appropriately investigate all complaints of sexual harassment by its employees. The investigation must include a finding of whether Silk Dynasty's sexual harassment policy was violated, a credibility assessment, if necessary; interviews of all potential victims and witnesses identified;

and concurrent notes of the investigation. Silk Dynasty shall take immediate appropriate corrective action to discipline harassers, if any, and to eradicate the sexual harassment.

### **REPORTING BY DEFENDANT AND ACCESS BY EEOC.**

17.  Silk Dynasty shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree the following information:

    A.  Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of sexual harassment or retaliation;

    B.  A list of all allegations of sexual harassment and/or retaliation against Silk Dynasty personnel, management officials, vendors, agents, employees and/or customers, whether telephonic, recorded, verbal, oral, formal or informal, during the six (6) months preceding the report. The nature of the complaint, investigatory efforts made by Silk Dynasty and the corrective action taken, if any, shall be specified;

    C.  The registry of persons attending the seminars required in paragraph 10 of this Decree and a list of current personnel employed by Silk Dynasty on the day of the seminar-training session;

    D.  An affidavit by the president of Silk Dynasty stating that

        1.  The policy required in paragraph 12 was made available to each current and new employee of Silk Dynasty; and

        2.  The expungement from Ms. Horne's personnel file

required in paragraph eight of this Decree took place, the date of the expungement, and the specific documents expunged,

## **COSTS AND DURATION**

18. Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

19. The duration of this Decree shall be three (3) years from its entry. The parties agree that this matter can be terminated from the Court docket upon signing of the Decree. This Court shall retain jurisdiction over this action for the duration of the Decree for the limited purpose of enforcing the Decree. During this time the Commission may petition this Court for compliance with this Decree. Should the Court determine that defendant has not complied with this Decree, appropriate relief, including monetary penalties and extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered. This Decree shall expire by its own terms at the end of thirty-six months from the date of entry, without further action by the Parties.

20. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

DATED this 29 day of September, 2004.

_____
STEPHEN M. McNAMEE
United States District Judge

APPROVED AND CONSENTED TO:

Silk Dynasty, Inc., by

*[signature]*

Whitney Newton
President

*[signature]*

Gary E. Gamel, Esq.
2995 Woodside Road, Ste. 400
Woodside, California 94062
Attorneys for Defendant

ERIC S. DREIBAND
General Counsel

JAMES LEE

Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Litigation Management Services

*[signature]*

Mary Jo O'Neil
Regional Attorney

*[signature]*

C. Emanuel Smith
Supervisory Trial Attorney

*[signature]*

Sally C. Shanley
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5032
Attorneys for Plaintiff

10

**Attachment B**

# NOTICE TO ALL EMPLOYEES OF SILK DYNASTY , INC.

This Notice is posted pursuant to a Consent Decree entered into between Silk Dynasty, Inc. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of sex, including sexual harassment, in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. Sexual harassment includes verbal or physical conduct directed at a person because of his/her sex, unwelcome or offensive sexual advances or touching, or requests for sexual favors. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Silk Dynasty , Inc. shall not discriminate against any employee on the basis of sex, including sexual harassment, and shall not retaliate against any employee.

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

<u>No Retaliation Clause.</u> No action may be taken against you by any supervisory or management official of Silk Dynasty, Inc. for (1) opposing discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII.

Contact the EEOC or the ACRD at the addresses or telephone numbers listed below:

  (1) U.S. Equal Employment Opportunity Commission
    3300 North Central Avenue, Suite 690
    Phoenix, Arizona 85012
    (602) 640-5000;

or

  (2) Arizona Civil Rights Division (ACRD) of the Attorney
    General's Office
    1275 W. Washington
    Phoenix, Arizona 85007
    (602) 255-5263